**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AJANI POSEY, | : | |
| Plaintiff | : | CIV. ACTION NO. 3:26-CV-956 |
| v. | : | (JUDGE MANNION) |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. §1983. For the reasons set forth below, the complaint will be dismissed without prejudice, and plaintiff will be granted leave to file an amended complaint.

### I.   BACKGROUND

Plaintiff, Ajani Posey, brings the instant case pursuant to 42 U.S.C. §1983, asserting that his civil rights have been violated during his attempts to be paroled from the custody of the Pennsylvania Department of Corrections ("DOC"). (Doc. 1-1). Posey has been in state custody since 2017 serving a 5-20 year sentence. (Doc. 1-1 ¶¶9-10). He has applied for parole every year since 2022, but has been denied each time. (*Id.* ¶12).

Posey's civil rights claims in the instant case pertain to the two most recent parole denials, in March 2025 and March 2026. (*Id.* at 2-4). According

to the complaint, one month before his March 2025 parole denial, he was placed in solitary confinement for filing grievances and was charged with misconduct. (*Id.* ¶16). Posey appealed the charge, and it was dismissed. (*Id.* ¶17). Posey was subsequently denied parole in March 2025. (*Id.* ¶18). He asserts that it is "plausible on its face" that he was "denied parole in retaliation for filing civil actions and that the dismissed misconduct was considered in the denial." (*Id.*) Posey notes he had institutional support and a clear conduct record prior to his parole review "which further supports" his assertion that he was discriminated against in the parole process. (*Id.* ¶19).

The complaint alleges that "a few weeks after" his March 2025 parole denial, he called the police to report that he had been assaulted by prison staff. (*Id.* ¶20). Shortly after making this call, he was handcuffed by prison staff, escorted out of the prison, and transferred to another prison, where he was allegedly placed in solitary confinement and charged with misconduct. (*Id.* ¶21). After a resulting misconduct hearing, one of the charges against him was dismissed and the other was reduced to a lesser charge. (*Id.* ¶22). Posey was released to general population in the prison. (*Id.*)

Posey was scheduled for another parole review in March 2026. (*Id.* ¶23). Prior to the hearing, he received institutional support for his parole application and maintained a clear misconduct record. (*Id.*) Despite these

facts, however, the Pennsylvania Board of Probation and Parole ("the parole board") denied his application. (*Id.* ¶24). Posey asserts that he had several civil lawsuits pending at this point. (*Id.* ¶25). Posey alleges that "[t]here is a sufficient causal connection that plaintiff may have been denied parole in retaliation for pursuing civil litigation and defendants collectively are conspiring to discriminate against him." (*Id.* ¶ 27).

The complaint asserts claims for violation of Posey's constitutional rights under the First and Fourteenth Amendments. (*Id.* ¶30). The named defendants are the DOC, the parole board, and two Jane Doe employees of the parole board. (*Id.* ¶¶ 4-7). Posey seeks damages, injunctive relief, and declaratory relief. (*Id.* ¶¶32-38).

## II.    DISCUSSION

This court must review a complaint when "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. *Id.* §1915A(b)(1). The court has a similar screening obligation regarding actions filed by prisoners proceeding *in forma pauperis. Id.* §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted.").

In screening legal claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); *Smith v. Delaware*, 236 F. Supp.3d 882, 886 (D. Del. 2017).

To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" to show that his claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679.

When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *Id.* However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening under Section 1915A and 1915(e)(2). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

4

Courts must liberally construe complaints brought by *pro se* litigants. *Sause v. Bauer*, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's claims are filed pursuant to 42 U.S.C. §1983. Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. §1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States

5

Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

In this case, Posey's complaint plainly fails to state a claim upon which relief may be granted. The complaint notes that Posey had several misconduct charges against him and that he filed several lawsuits, and then speculates that these facts must have caused the parole board and its employees to violate his civil rights. There are no allegations that the parole board or its employees actually knew about Posey's misconduct charges or lawsuits, nor are there any allegations as to how or why the board would discriminate against Posey based on the misconduct charges or lawsuits even if they knew about them. Posey's unsupported speculation of a causal connection is not sufficient to state a civil rights claim. Posey's claims against the DOC and the parole board additionally fail because those defendants are not "persons" who may be sued under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The complaint will accordingly be dismissed.

Before dismissing a civil rights complaint for failure to state a claim, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The court will deny leave to amend to the extent Posey

6

sues the DOC and the parole because they are not proper defendants to this lawsuit, but will grant him leave to file an amended complaint against the individual defendants because it cannot say as a matter of law at this stage of litigation that amendment would be inequitable or futile.

## III.   CONCLUSION

For the foregoing reasons, the court will dismiss Posey's complaint and grant him leave to file an amended complaint. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 5/1/26

26-956-01

7